**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TERRY and DIANE WINDER, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 08-324 L |
| vs. | ) | |
| | ) | Judge Christine O.C. Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**UNITED STATES' UNOPPOSED MOTION FOR STAY OF PROCEEDINGS**

Defendant United States of America respectfully submits this unopposed motion to stay proceedings so that Plaintiffs' counsel may file potentially related actions that should be consolidated with this case. As grounds for this motion, the United States provides the following:

1. On May 1, 2008, Plaintiffs filed their Complaint in this Court. See Pls.'s Compl., filed May 1, 2008 (Doc. 1). The allegations in Plaintiffs' Complaint are premised on the conversion of a railroad corridor in Jasper County, Missouri to a recreational trail. See id. ¶ 1, at 2-3. Plaintiffs state that they are "seeking monetary compensation from the United States of America for the 5th Amendment taking of [their] reversionary interest and the added encumbrance of the trail." Id. ¶ 1, at 3. Pursuant to Rule 12(a)(1) of the Rules of the Court of Federal Claims ("RCFC"), the deadline for the United States to Answer the Complaint or otherwise respond is currently June 30, 2008.

2. On the same day Plaintiffs filed their Complaint, Plaintiffs also filed a notice identifying two consolidated cases that Plaintiffs represent share an identity of subject matter with the present case. See Notice of Indirectly Related Cases, filed May 1, 2008 (Doc. 5)("NIRC"). Plaintiffs state that Carl Junction R-1 School District v. United States, No. 05-3 L (Fed. Cl.), and Hance v. United States, No. 05-4 L (Fed. Cl.), share an identity of subject matter with the case

currently before the Court, because "the cases all arise from the same 15.93 mile long former railroad right-of-way which was taken for public use as a walking trail pursuant to the 1983 Amendments to the National Trails System Act on June 21, 2002 when [a] NITU was issued by the Surface Transportation Board." NIRC ¶ 3, at 2. The two consolidated cases were resolved through the issuance of consent judgments. See id. ¶ 2, at 2.

3. Plaintiffs' counsel in this case was counsel for Plaintiffs in Carl Junction and Hance. Undersigned counsel was counsel of record for the United States at the conclusion of those cases.

4. Plaintiffs' counsel has advised the United States' counsel that he intends to file at least one more case based on the same set of operative facts, i.e., on behalf of plaintiffs who allege to have had a property interest taken along this same trail as a result of the Surface Transportation Board's issuance of a Notice of Interim Trail Use ("NITU") on June 21, 2002. See also NIRC ¶ 3, at 2. Plaintiffs' counsel indicated that, in order for these additional complaints to be timely, he believes that the Complaints would have to be filed on or before June 21, 2008.[1/] See id. ¶ 2, at 2.

5. Plaintiffs' counsel has informed the United States' counsel that, if he does file one or more additional complaints between the present time and June 21, 2008, it would be appropriate to consolidate those additional cases with the present action. Accordingly, the United States requests the Court stay all proceedings in this case so that Plaintiffs' counsel may file potentially

[1/]Because additional complaints have not yet been filed, the United States is unable to determine whether additional Plaintiffs' complaints would be timely or whether any other defense is appropriate at this time. Because "the six-year statute of limitations set forth in [28 U.S.C. § 2501] is a jurisdictional requirement for a suit in the Court of Federal Claims," John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354 (Fed. Cir. 2006), aff'd, 128 S. Ct. 750 (2008), the United States does not waive its right to challenge the timeliness of the Plaintiffs' complaint in this case, or any other case that Plaintiffs' counsel may file, in accordance with the Rules of the Court of Federal Claims.

related actions that should be consolidated with this case.

6. The United States requests that the Court grant the parties up to and including July 3, 2008, to review any additional complaints Plaintiffs' counsel might file and to make any motion for consolidation that the parties agree is appropriate. If the parties move the Court for consolidation, and the Court grants the motion, the United States requests that the Court grant the United States sixty days from the date of the Court's order in which to Answer or otherwise respond to Plaintiffs' complaints.

7. On June 9, 2008, the United States' counsel contacted Plaintiffs' counsel regarding the relief requested in this motion. On June 10, 2008, Plaintiffs' counsel informed the United States' counsel in writing that Plaintiffs do not oppose this motion.

8. The granting of this motion will not cause any undue prejudice or harm to the rights and interests of the parties or the Court. The granting of the motion will promote judicial efficiency and help preserve the resources of the parties and the Court.

WHEREFORE, the United States respectfully requests that its motion be granted.

Respectfully submitted this 11th day of June, 2008.

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

By: *s/ Mark S. Barron*
MARK S. BARRON, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044
Tel. (202) 305-0490/ Fax (202) 305-0506
mark.barron@usdoj.gov

*Attorneys for the United States*