**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TERRY and DIANE WINDER, et al., | ) | |
| Plaintiffs, | ) | No. 08-324 L |
| v. | ) | Judge Christine O.C. Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| STAN and REBECCA BEECHAM, et al., | ) | |
| Plaintiffs, | ) | No. 08-435 L |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| BESSIE SHIRA, et al., | ) | |
| Plaintiffs, | ) | No. 08-453 L |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| NORMAN and MIRNA JONES, | ) | |
| Plaintiffs, | ) | No. 08-457 L |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## ANSWER

Pursuant to Rules 7(a), 8(b) and 12 of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant United States of America respectfully submits this Answer to the Complaint and Jury Demand Plaintiffs filed in the above-captioned cases.[1/] The United States answers Plaintiffs' allegations as follows:[2/]

## INTRODUCTION

1. The allegations in paragraph 1 consists of Plaintiffs' characterization of this lawsuit to which no response is required. The cited orders and legal authorities speak for themselves and are the best evidence of their content. The United States denies that it has taken any property in which Plaintiffs have an interest.

## PARTIES

2. The United States is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 2.

3. The United States is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 3.

4. The United States is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 4.

5. The United States admits that, on June 21, 2002, the Surface Transportation Board

---

[1/] On June 24, 2008, the Court consolidated the four above-captioned cases pursuant to RCFC 42(a) and RCFC 42.1, and designated Winder v. United States, No. 08-324 L, as the lead case. See Order, filed June 24, 2008 (Doc. 13).

[2/] For ease of reference, the numbered paragraphs in the United States' Answer correspond to the paragraph numbers in the Complaint filed in the lead case. See Complaint and Jury Demand, filed May 1, 2008 (Doc. 1).

(“STB”) issued a decision and notice of interim trail use (“NITU”) in STB Docket No. AB-6 (Sub-No. 395X). The remaining allegations in paragraph 5 are Plaintiffs’ characterizations and conclusions of law, to which no response is required.

6. The United States admits that it is the named defendant in this action and the only proper defendant in the United States Court of Federal Claims. The United States also admits that the STB is a federal agency, and that the STB issued a NITU on June 21, 2002. To the extent that paragraph 6 contains additional allegations, those allegations reflect Plaintiffs’ characterizations and conclusions of law, to which no response is required.

## JURISDICTION

7. The allegations in paragraph 7 consist of conclusions of law to which no response is required. In addition, the United States denies that it has taken any property in which Plaintiffs have an interest.

8. Paragraph 8 consists of Plaintiffs’ assertion regarding the jurisdictional basis for this action. The Tucker Act, 28 U.S.C. § 1491, speaks for itself and is the best evidence of its content.

9. The United States is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 9.

10. The allegations in paragraph 10 consist of conclusions of law to which no response is required.

## FACTS COMMON TO ALL COUNTS:
## 1876 CONDEMNATION FOR RAILROAD RIGHT-OF-WAY

11. The United States is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 11.

12. The United States is without knowledge or information sufficient to form a belief as

to the truth of allegations contained in paragraph 12.

13. The United States is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 13. To the extent that Plaintiffs' allegations quote or otherwise rely upon a judicial order, the judicial order speaks for itself and is the best evidence of its content.

14. The United States is without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 14. To the extent that Plaintiffs' allegations quote or otherwise rely upon a judicial order, the judicial order speaks for itself and is the best evidence of its content.

15. The United States admits that the Burlington Northern Santa Fe Railway Company ("BNSF") is a successor to the Memphis, Carthage and Northwestern Railroad. The remaining allegations in paragraph 15 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

**RAILBANKING OF PLAINTIFFS' PROPERTY UNDER THE NATIONAL TRAILS SYSTEM ACT: STB ISSUANCE OF THE JUNE 21, 2002 NITU**

16. Admitted.

17. The United States admits that BNSF operated a railroad line between mile post 343.55 in Columbus, Kansas through mile post 315.30 in Carthage, Missouri. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Admitted.

19. The United States admits that, on May 10, 2002, the City of Carl Junction and the Joplin Trail Coalition ("JTC") jointly filed a request for the issuance of a notice of interim trail

use/rail banking under the National Trails System Act, 16 U.S.C. § 1247(d), for the Missouri portion of the railroad line between milepost 315.30 near Carthage and milepost 331.23 at the Missouri/Kansas state line, a distance of 15.93 miles. This filing speaks for itself and is the best evidence of its content.

20. Admitted.

21. The United States admits that, consistent with 49 C.F.R. § 1152.29, Carl Junction and JTC submitted statements of willingness to assume financial responsibility for management of the Missouri portion of the railroad corridor, for any legal liability arising out of the transfer use, and for payment of any and all taxes that may be levied or assessed against the right-of-way. To the extent that paragraph 21 contains additional allegations, those allegations consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

22. Admitted.

23. The allegations contained in paragraph 23 consist of Plaintiffs' characterizations and conclusions of law. The referenced decision speaks for itself and is the best evidence of its content.

24. The United States admits that BNSF notified the STB that, on June 16, 2003, BNSF entered into an interim trail use/railbanking and donation agreement with JTC. The United States notes that Plaintiffs have not attached or produced a copy of the agreement, which they seek to incorporate by reference.

25. The United States is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 25. To the extent that Plaintiffs' allegations quote or otherwise rely upon a written agreement, the agreement speaks for itself and is the best evidence of its content.

26. The United States admits that, by letter dated October 20, 2003, BNSF notified the STB that it had entered into an interim trail use/railbanking agreement with JTC. The letter speaks for itself and is the best evidence of its content. The United States avers that BNSF filed a subsequent letter with the STB, dated February 3, 2004, to clarify the October 20, 2003 letter. The February 3, 2004 letter speaks for itself and is the best evidence of its content.

27. The United States admits that, effective October 31, 2003, BNSF discontinued its operations on the Missouri portion of the railroad corridor that is the subject of this lawsuit. JTC currently operates a recreational trail, the "Ruby Jack Trail," on the Missouri portion of the corridor. To the extent paragraph 27 contains additional allegations, those allegations consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The United States denies that BNSF abandoned its property interests in the right-of-way that is the subject of this lawsuit.

28. Admitted.

## COUNT I: FIFTH AMENDMENT TAKING

### LIABILITY

29. The United States incorporates by reference herein its responses to the allegations in Paragraphs 1 through 28 above.

30. The allegations contained in paragraph 30 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. To the extent that paragraph 30 contains factual allegations, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations.

31. The United States admits that Congress enacted the National Trails System Act, 16 U.S.C. §§ 1241-1251. The Act speaks for itself and is the best evidence of its content. The

remaining allegations in paragraph 31 constitute Plaintiffs' characterizations and conclusions of law to which no response is required.

32. The allegations contained in paragraph 32 consist of legal conclusions to which no response is required. The United States denies that BNSF abandoned its property interests in the right-of-way that is the subject of this lawsuit.

33. The allegations contained in paragraph 33 consist of legal conclusions to which no response is required. The Missouri Constitution and the National Trails System Act speak for themselves and are the best evidence of their content.

34. The allegations contained in paragraph 34 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

35. The allegations contained in paragraph 35 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

**PLAINTIFFS' COGNIZABLE PROPERTY INTEREST IN THE TAKING**

36. The allegations contained in paragraph 36 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

37. The allegations contained in paragraph 37 consist of Plaintiffs' characterizations and conclusions of law to which no response is required.

38. The allegations contained in paragraph 38 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The referenced judicial authorities speak for themselves and are the best evidence of their content.

39. The allegations contained in paragraph 39 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The referenced judicial authorities speak for

themselves and are the best evidence of their content.

**THE NITU AS GOVERNMENTAL ACTION CONSTITUTING A TAKING**

40. The allegations contained in paragraph 41 consist of Plaintiffs' legal conclusions to which no response is required. The United States denies that it has taken any property interest belonging to Plaintiffs.

41. The allegations contained in paragraph 41 consist of Plaintiffs' legal conclusions and characterization of Missouri state law, to which no response is required.

42. The allegations contained in paragraph 42 consist of Plaintiffs' legal conclusions to which no response is required.

43. The allegations contained in paragraph 43 consist of Plaintiffs' legal conclusions to which no response is required. The United States specifically denies that the STB's issuance of the referenced NITU on June 21, 2002 established a new easement or any other property interest. The United States specifically denies that BNSF abandoned an easement, or any other property interest, that BNSF previously held.

44. The allegations contained in paragraph 44 consist of Plaintiffs' legal conclusions to which no response is required. The United States denies that a taking of any property interest belonging to the Plaintiffs occurred.

45. The allegations contained in paragraph 45 consist of Plaintiffs' legal conclusions to which no response is required. Defendant denies that a taking of any property interest belonging to the Plaintiffs occurred.

46. The allegations contained in paragraph 46 consist of Plaintiffs' legal conclusions to which no response is required. The United States denies that a taking of any property interest

belonging to the Plaintiffs occurred.

47. The allegations contained in paragraph 47 consist of Plaintiffs' legal conclusions to which no response is required.

48. The allegations contained in paragraph 48 consist of Plaintiffs' legal conclusions to which no response is required.

49. The allegations contained in paragraph 49 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The United States denies that a taking of any property interest belonging to the Plaintiffs occurred.

50. The allegations contained in paragraph 50 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The United States denies that a taking of any property interest belonging to the Plaintiffs occurred.

**COMPENSATORY DAMAGES**

51. The allegations contained in paragraph 51 consist of Plaintiffs' characterizations and conclusions of law and their demand for damages, to which no response is required. The United States denies that a taking of any property interest belonging to the Plaintiffs occurred and therefore denies that it owes Plaintiffs just compensation for the taking of any property interest.

52. The allegations contained in paragraph 51 consist of Plaintiffs' characterizations and conclusions of law and their demand for damages, to which no response is required. The United States denies that a taking of any property interest belonging to the Plaintiffs occurred and therefore denies that it owes Plaintiffs just compensation for the taking of any property interest. The United States further denies that Plaintiff can recover "damages" in this action. It is well settled that, in a Fifth Amendment takings case, the Government's potential liability is limited to just compensation

for the property interest the Court determines the Government has taken. See United States v. Va. Elec. & Power Co., 365 U.S. 624, 633 (1961)("The guiding principle of just compensation is reimbursement to the owner for the property interest taken. . .[while] [h]e must be made whole . . . [he] is not entitled to more.")(citing Olson v. United States, 292 U.S. 246, 255 (1934)); United States v. Petty Motor Co., 327 U.S. 372, 377 (1946)("[J]ust compensation is the value of the interest taken.").

53. The allegations contained in paragraph 53 consist of Plaintiffs' characterizations and conclusions of law and their demand for damages, to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred and therefore denies that it owes any Plaintiff just compensation for the taking of any property interest.

54. The allegations contained in paragraph 54 consist of Plaintiffs' characterizations and conclusions of law and their demand for damages, to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred and therefore denies that it owes any Plaintiff just compensation for the taking of any property interest.

55. The allegations contained in paragraph 55 consist of Plaintiffs' characterizations and conclusions of law and their demand for damages, to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred and therefore denies that it owes any Plaintiff just compensation for the taking of any property interest.

**COMPOUND PREJUDGMENT INTEREST**

56. The allegations contained in paragraph 56 consist of Plaintiffs' characterizations and conclusions of law and their demand for damages, to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred and therefore

denies that it owes any Plaintiff just compensation, including prejudgment interest, for the taking of any property interest.

57. The allegations contained in paragraph 57 consist of Plaintiffs' characterizations and conclusions of law and their demand for damages, to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred and therefore denies that it owes any Plaintiff just compensation, including prejudgment interest, for the taking of any property interest.

58. The allegations contained in paragraph 58 consist of Plaintiffs' characterizations and conclusions of law and their demand for damages, to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred and therefore denies that it owes any Plaintiff just compensation, including prejudgment interest, for the taking of any property interest.

**LITIGATION COSTS, EXPENSES, EXPERT WITNESS AND ATTORNEY FEES**

58.[3/] The allegations contained in paragraph 58 consist of Plaintiffs' characterizations and conclusions of law and their demand for fees and cost, to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred and therefore denies that it owes any Plaintiff just compensation for the taking of any property interest, or that any Plaintiff is entitled to reimbursement of fees and costs. The cited statute, 42 U.S.C. § 4654(c), speaks for itself and is the best evidence of its content.

59. The allegations contained in paragraph 59 consist of Plaintiffs' characterizations and

---

[3/]The United States notes that Plaintiffs' Complaint contains two paragraphs numbered "58." See Pls.' Compl. at 15-16. To remain consistent with Plaintiffs' Complaint, the United States has followed Plaintiffs' numbering convention in this Answer.

conclusions of law and their demand for fees and costs, to which no response is required. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c), speaks for itself and is the best evidence of its content.

60. The allegations contained in paragraph 60 consist of Plaintiffs' characterizations and conclusions of law to which no response is required. The Tucker Act, 28 U.S.C. § 1491, speaks for itself and is the best evidence of its content.

61. The allegations contained in paragraph 61 contain Plaintiffs' characterization of the relief they seek to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred; accordingly, the United States denies that it is obligated to reimburse Plaintiffs for any fees or costs incurred.

62. The allegations contained in paragraph 62 contain Plaintiffs' characterization of the relief they seek to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred; accordingly, the United States denies that it is obligated to reimburse Plaintiffs for any fees or costs incurred.

63. The allegations contained in paragraph 63 contain Plaintiffs' characterization of the relief they seek to which no response is required. The United States denies that a taking of any property interest belonging to any Plaintiff occurred; accordingly, the United States denies that it is obligated to reimburse Plaintiffs for any fees or costs incurred.

The remainder of the Complaint is Plaintiffs' Prayer for Relief, to which no response is required.

## GENERAL DENIAL

All of the allegations in Plaintiffs' Complaint which have not been specifically admitted,

denied, or otherwise answered are hereby denied.

**AFFIRMATIVE DEFENSES**

1. The doctrines of res judicata and collateral estoppel, as well as other equitable defenses, bar some or all of Plaintiffs' claims.

2. Plaintiffs lack standing to seek just compensation under the Fifth Amendment.

WHEREFORE, the United States denies that the Plaintiff is entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgement be entered on the United States' behalf, and that the United States be allowed its costs and such other further relief as the Court may allow.

Respectfully submitted this 21st day of August, 2008,

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*s/ Mark S. Barron*
MARK S. BARRON, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 663
Washington, D.C. 20044
Tel: (202) 305-0490
Fax: (202) 305-0506
mark.barron@usdoj.gov